IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE J. SHAW,

    Petitioner,                                                  OPINION AND ORDER

v.                                                               16-cv-661-wmc

PAUL KEMPER,

    Respondent.

---

Petitioner Terrance J. Shaw has filed an application for a writ of habeas corpus under 28 U.S.C. § 2254. He has paid the $5 filing fee. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Rule 4 requires the court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled to relief. If the petition is not dismissed, then the court orders respondent to answer or otherwise respond to the petition.

In his petition, petitioner seeks to challenge a May 27, 2016, decision by the Wisconsin Parole Commission denying his request for parole. In denying his parole, the Commission found, among other reasons, that petitioner (1) had not yet served sufficient time for punishment of his crimes of first degree murder and first degree sexual assault, and (2) had failed to complete sexual offender treatment programming. Petitioner contends that the first reason -- lack of sufficient time in prison for his crimes -- violates his due process rights because it is based on too arbitrary and vague a standard to pass

1

constitutional muster. Petitioner contends the second justification -- failure to complete programming -- is unfair because the only reason petitioner has not been able to complete programming is because he has been attempting to challenge his criminal convictions in Wisconsin state courts. He argues that it is unfair to punish him for exercising his rights to challenge his convictions.

After reviewing petitioner's arguments, it is clear that his petition must be denied because petitioner concedes that he failed to exhaust any of his state court remedies before filing suit.

OPINION

To be entitled to a writ of habeas corpus, a state prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4, the district court may dismiss a petition summarily if it determines that the petition "raises a legal theory that is indisputably without merit." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Petitioner concedes in his petition that he has not sought to challenge the parole commission's decision in state court. It is well-established that a petitioner challenging a state court conviction or sentence must raise his constitutional claims in state court before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (state prisoner must present claims to state court before he make seek federal habeas review). Although petitioner states that there is no state court procedure

2

for challenging parole commission decisions, he is mistaken. He may challenge a parole commission decision by filing a state court action for a writ of certiorari. *See, e.g., State ex rel. Britt v. Gamble*, 2002 WI App 238, ¶ 15, 257 Wis.2d 689, 653 N.W.2d 143 (parole commission's refusal to grant discretionary parole is reviewable by common law certiorari). Because petitioner has failed to exhaust state court remedies, his petition will be dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case. For the reasons already stated, the petition is being dismissed because petitioner failed to exhaust his state court remedies. Because reasonable jurists would not otherwise debate whether a different result was required, no certificate of appealability will issue.

ORDER

IT IS ORDERED that Terrance Shaw's habeas corpus petition is DISMISSED without prejudice for failure to exhaust his state court remedies. A certificate of

appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 15th day of June, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge